IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

MARIO M. TROLLINGER,

        Petitioner,        :        Case No. 1:13-cv-667

  - vs -                              District Judge William O. Bertelsman
                                        Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio Correctional
Institution,

                                        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations ("Report," Doc. No. 17). Judge Bertelsman has recommitted the case for reconsideration in light of the Objections.

Trollinger pleads the following Grounds for Relief:

> **Ground One**: Criminal Rule 16(D) & (F) are unconstitutional as applied to the facts of this case.
>
> **Supporting Facts:**
>
> Trial courts allowed the prosecuting attorney not to disclose the witnesses to defense counsel even though their [*sic*] was not one threat reported by any civilian witness of the two (2) of the witness [*sic*] held exculpatory evidence possibly excluding Petitioner on all charges.
>
> **Ground Two**: The evidence is constitutionally insufficient to obtain Petitioner's conviction.
>
> **Supporting Facts:**
>
> Their [sic] is absolutely no evidence connecting Petitioner to the offenses of Murder and having Weapons Under Disability and

1

>absolutely no evidence what-so-ever indicating that there was an attempt to commit Aggravated Robbery.
>
>**Ground Three**: Actual Innocence.
>
>**Supporting Facts:**
>
>Petitioner Mario Trollinger is actually innocent of the charges of Murder, Aggravated Robbery, and Having Weapons Under Disability, as Petitioner had absolutely no involvement what-so-ever.

(Petition, Doc. No. 1.)

The Report recommends dismissing Ground One as procedurally defaulted (Report, Doc. No. 17, PageID 2159). Alternatively, the Report found that the *Brady* claim portion of this Ground for Relief was without merit. *Id.* at PageID 2160.

The Report recommends dismissing Ground Two as procedurally defaulted because it was not included in his appeal to the Ohio Supreme Court. *Id.* at PageID 2161. Alternatively, the Report found Trollinger's convictions were supported by sufficient evidence. *Id.* at PageID 2165. Finally, the Report concluded it was not necessary to analyze Trollinger's claim of actual innocence in Ground Three as a possible excuse for the procedural defaults because Grounds One and Two were without merit. *Id.* at PageID 2166.

Trollinger has filed extensive Objections which will be considered in the order he presents them.

**Objection to Procedural and Factual History**

Trollinger makes numerous objections to the Procedural and Factual History section of the Report (Doc. No. 17, PageID 2151-54). He asserts "Magistrate Merz had mis-characterized

facts pertaining to trial testimony, making the "History" unfactual – as can be shown by the record." (Objections, Doc. No. 20, PageID 2177).

The factual background of the case as set forth in the Report consists solely of a direct and verbatim quotation from the decision of the First District Court of Appeals at *State v. Trollinger*, 2012 Ohio App. LEXIS 2113 (Ohio Ct. App., Hamilton County, May 30, 2012). Any characterization that occurred was done exclusively by the First District Court of Appeals.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), factual findings made by the state courts are presumed to be correct unless a habeas petitioner establishes they are incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The burden is therefore on Trollinger to show the findings of the First District are clearly erroneous, based solely on the record that was before them. *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).

Trollinger claims the First District's description of the testimony of State witness Deron Thomas omits the most important portions of his testimony which is claimed to be "riddled with inaccurate and discrepant accounts of the incident; Mr. Thomas claimed to have witnessed the actual shooting when, in fact, his entire testimony makes his purported presence totally implausible." (Objections, Doc. No. 20, PageID 2177.) Trollinger emphasizes the discrepancy between the time Thomas says he saw Trollinger give Parks the murder weapon and when Parks says he received the gun. *Id.*

Thomas testified he knew both the victim and Trollinger before the murder (Trial Tr., Return of Writ, Doc. No. 10-12, PageID 1702). He also knew Ronnell Parks from the neighborhood. *Id.* at PageID 1703. While the victim was at a bus stop at Moosewood and Beekman, Parks and Trollinger were together on Moosewood. *Id.* at PageID 1706-7. A little

before 10:30 a.m. that morning Thomas saw Trollinger hand a .22 revolver to Parks. *Id.* at PageID 1708. He recognized the gun because one of the "twins" who owned the gun had tried to sell it to him the day before. *Id.* at PageID 1709. Parks shot the victim five times. *Id.* at PageID 1709-1710. Later in the day he confronted Trollinger in front of others and told him it was stupid to try to rob the victim. *Id.* at PageID 1712. Trollinger responded that Thomas was next. *Id.*

On cross-examination, Thomas admitted several prior convictions. *Id.* at PageID 1717-18. He was extensively questioned about his ability to see what he claimed to have seen and heard. *Id.* at PageID 1721-33.

In sum, the First District's opinion does not recite any testimony that was not given by Thomas. Of course, the question whether or not to believe Thomas is a question of credibility for the jury, which apparently believed what Thomas said. Trollinger has not shown the First District's factual conclusions were clearly erroneous, based on the testimony in the record.

Trollinger goes on to complain that the prosecuting attorney and all the detectives assigned to the case "were being untruthful on many regards." (Objections, Doc. No. 20, PageID 2177.) He also asserts that the other seven witnesses "were all held in bad faith by the prosecution." *Id.* at PageID 2178. However, he cites no record evidence in support of these claims.

**Objections to Analysis**

**Ground One:  Right to Pre-trial Discovery**

In his First Ground for Relief, Trollinger pleads that Ohio R. Crim. P. 16(D) and (F) are unconstitutional because they permitted the prosecutor in this case not to disclose the names of the State's witnesses prior to trial.  This Ground for Relief is based on the first two assignments of error on direct appeal, the first of which claimed trial court error in the application of Rule 16 and the second of which claimed a *Brady* violation in not granting a new trial (Quoted at Report, Doc. No. 17, PageID 2155).  The first assignment of error did not present the court of appeals with any constitutional claim and was found procedurally defaulted on that basis.  *Id.* at PageID 2158-59.  In the Objections, Trollinger attempts to show how he was prejudiced by the late disclosure, but makes no response at all on the fair presentation-procedural default point (Objections, Doc. No. 20, PageID 2179-80).

Even if there had been a fair presentation of this issue to the state courts, the claim is without merit.  There is no United States Supreme Court precedent holding a defendant in a criminal case is constitutionally entitled to pre-trial disclosure of the State's witnesses.  In the Objections, Trollinger construes this as a Confrontation Clause claim (*Id.* at PageID 2179), but the right of confrontation applies at trial, not pre-trial.

The second assignment of error on direct appeal was Trollinger's *Brady* claim.  The Report found this claim procedurally defaulted because Trollinger did not pursue an appeal of this claim to the Ohio Supreme Court.  Trollinger makes no response in his Objections.  The Report also concluded there was no merit to this claim because the federal courts have held that

there is no *Brady* claim available for adverse impact on trial preparation (Doc. No. 17, at PageID 2160). Trollinger's Objection is that his case is different, but he cannot prevail without showing a violation of clearly established Supreme Court precedent. The one case he does cite is *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988)(cited at Objections, Doc. No. 20, at PageID 2180). *Presser* is exactly contrary to Trollinger's position. There the Sixth Circuit vacated a district court order for pretrial discovery. It specifically found that the lower court's order was "based on the erroneous view that an accused had a constitutional right to know the tactical strengths and weaknesses of the case against him." *Presser*, *supra*.

**Ground Two: Insufficient Evidence**

Trollinger's Second Ground for Relief is that he was convicted on constitutionally insufficient evidence. The Warden claimed this Ground was procedurally defaulted because it was omitted from the appeal to the Ohio Supreme Court and the Report agrees (Doc. No. 17, PageID 2160-61). Trollinger attempts to excuse this default by stating that he accepted the pro bono assistance of a group of lawyers who wanted to take the *Brady* claim to the Ohio Supreme Court (Objections, Doc. No. 20, PageID 2182). He says they "inadvertently" omitted this claim, but offers no proof its omission was inadvertent. A skilled appellate attorney would know that it would be easier to get Ohio Supreme Court review with a single focused issue than if that issue were combined with the record-intensive insufficiency of the evidence claim.

Clients must be held accountable for the acts or omissions of their attorneys. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993). "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the

6

consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.,* 370 U.S. 626, 633-634 (1962) (quoting *Smith* v. *Ayer*, 101 U.S. 320, 326 (1880)).

Trollinger argues that he has exhausted this claim (Objections, Doc. No. 20, PageID 2182-83) and the Magistrate Judge agrees. But exhaustion and procedural default are different doctrines. Lack of exhaustion occurs when there is still an avenue available which a petitioner has not yet exhausted; procedural default occurs when there was an avenue available to raise a claim in the state courts, but the petitioner failed to use is.

Trollinger argues that the very fact that the evidence is insufficient itself satisfies the cause and prejudice requirement to excuse a procedural default (Objections, Doc. No. 20, PageID 2183). That reasoning is circular: a habeas petitioner must first overcome the procedural default before a habeas court can reach the merits of the insufficient evidence claim.

In rearguing the merits of this claim, Trollinger asserts that he was connected to the murder only on the testimony of the person who pulled the trigger, Ronnell Parks, who is both mildly intellectually disabled and afflicted with schizoaffective disorder (Objections, Doc. No. 20, PageID 2184-86). He even claims Parks was incompetent to testify, although this claim was not raised on appeal. He raises other reasons for doubting Parks' testimony. *Id.* But the test for sufficiency of the evidence does not permit this Court to re-weigh the evidence.

Finally, Trollinger argues the claim that a judgment is against the manifest weight of the evidence employs a "much broader test than the test involved with the claim of insufficient evidence (Objections, Doc. No. 20, PageID 2186). While that is true, it has no bearing on this

habeas corpus case because a manifest weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus this Court has no authority to re-examine the rejection of Trollinger's manifest weight claim by the Ohio courts.

**Ground Three: Actual Innocence**

In his Third Ground for Relief, Trollinger claims he is actually innocent of all three crimes of which he was convicted -- murder, aggravated robbery, and having weapons under disability – because he had "absolutely no involvement what-so-ever" in the crimes in suit (Petition, Doc. No. 1, PageID 9).

Although Trollinger submitted extensive documentation in support of this Ground for Relief, the Report concluded there was no need to analyze this evidence because the Magistrate Judge had found the first two grounds for relief to be without merit as an alternative to the procedural default of those grounds (Report, Doc. No. 17, PageID 2167).

For reasons given above, the Objections do not present persuasive arguments on the merits of Ground One or Two. Accordingly, there is no need to analyze the documentation.

8

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 23, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).